United States District Court
Southern District of Texas
**ENTERED**
October 13, 2023
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JEFFREY WARREN AND SHARON WARREN, | § § § § | |
| Plaintiffs, | § | |
| v. | § § | CIVIL ACTION NO. H-23-1738 |
| STATE OF TEXAS, *et al.*, | § § | |
| Defendants. | § § | |

**MEMORANDUM AND ORDER GRANTING MOTION TO
DISMISS PLAINTIFFS' COMPLAINT**

Jeffrey Warren and Sharon Warren, representing themselves, sued Wilmington Savings Fund Society, FSB, along with the State of Texas, lawyers, and a title company employee. The Warrens allege that their $222,000 home mortgage and the note securing it, which they obtained in 2017, violate federal and state statutory, common, and constitutional law. They seek a judgment to that effect. Because their allegations fail to state a claim on which relief can be granted, and because they are a rehash of claims that the Warrens have previously asserted and had dismissed, the court grants the defendants' motion to dismiss. The dismissal is with prejudice because amendment would be futile. Final judgment is entered by separate order. The reasons are set out below.

## I.  Background

In June 2017, the Warrens executed a Texas Home Equity Note in the amount of $222,000, and executed a Texas Home Equity Security Instrument on their home in Splendora, Texas. (Docket Entry No. 2-1). The Note was in favor of the Mortgage Electronic Registration Systems, Inc., as nominee for Angel Oak Mortgage Solutions. (*Id.*). In August 2018, MERS assigned its

rights under the Deed of Trust to Deephaven Mortgage, which subsequently assigned it to Wilmington.  (Docket Entry Nos. 2-2, 2-3).

In December 2019, the Warrens filed suit in state court against Shellpoint and Deephaven, seeking to prevent collection of the Note or foreclosure.  They alleged that the loan violated the Texas Constitution and breached the parties' contract, and they sought to remove a cloud on the title and to quiet title, a declaratory judgment, and an injunction.  In August 2020, the state court granted the defendants' motions for summary judgment and dismissed the Warrens' claims with prejudice.  (Docket Entry No. 2-5).

In November 2020, Shellpoint sued the Warrens in federal court, seeking a declaratory judgment that its lien on the Warrens' property was valid.  (Docket Entry No. 2-6).  The loan servicer, Selene Finance LP, and the second assignee, Wilmington, substituted in as plaintiffs and moved for summary judgment.  (*Id.*).  Wilmington and Selene filed motions for summary judgment, which were granted.  (*Id.*).  The federal court granted the motion, holding that Wilmington had the right to foreclose and that the Warrens' forgery claim was precluded.  (Docket Entry No. 2-7).  The Warrens did not appeal.  (Docket Entry No. 2-6).

In May 2023, the Warrens, again facing foreclosure, filed this second federal suit, challenging Wilmington's right to foreclose.  (Docket Entry No. 1).  The Warrens' claims are the same as, or very similar to, the claims they had asserted in the prior state and federal actions, without success.  Wilmington has moved to dismiss.

## II.     The Legal Standards

### A.      Rule 12(b)(6)

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to

relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial

notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

**B.     The Rule 9(b) Standard for Claims of Fraud**

Rule 9(b) of the Federal Rules of Civil Procedure states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). "A dismissal for failure to plead fraud with particularity under Rule 9(b) is treated as a dismissal for failure to state a claim under Rule 12(b)(6)." *Musket Corp. v. Suncor Energy (U.S.A.) Mktg.. Inc.*, 759 F. App'x 280, 286–87 (5th Cir. 2019) (quoting *United States ex rel. Stephenson v. Archer W. Contractors, L.L.C.*, 548 F. App'x 135, 138 (5th Cir. 2013)); *see also United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 n.8 (5th Cir. 2009) (citing *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 901 (5th Cir. 1997)).

In the Fifth Circuit, Rule 9(b) requires that a plaintiff state the who, what, when, where, and how of the alleged fraud. *Musket Corp.*, 759 F. App'x at 287 (citing *United States ex rel. Stephenson v. Archer W. Contractors, L.L.C.*, 548 F. App'x 135, 138 (5th Cir. 2013)). "The frequently stated, judicially-created standard for a sufficient fraud complaint . . . instructs a plaintiff to plead the time, place and contents of the false representation, as well as the identity of the person making the misrepresentation and what that person obtained thereby." *Id.* (quoting *Grubbs*, 565 F.3d at 186).

**C.     Fraudulent Inducement**

"To state a claim of fraud by misrepresentation under Texas law, a plaintiff must sufficiently allege (1) a [material] misrepresentation that (2) the speaker knew to be false or made recklessly (3) with the intention to induce the plaintiff's reliance, followed by (4) actual and

justifiable reliance (5) causing injury." *Brush v. Wells Fargo Bank, N.A.*, 911 F. Supp. 2d 445, 485 (S.D. Tex. 2013) (quoting *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010)). "A contract is subject to avoidance on the ground that it was induced by fraud." *Id.* (quoting *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 331 (Tex. 2011)); *see also Formosa Plastics Corp. U.S.A. v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 46 (Tex. 1998) ("As a rule, a party is not bound by a contract procured by fraud."). Counterclaims alleging fraud must comply with the particularity requirements of Rule 9(b). *Brush*, 911 F. Supp. 2d at 486 (citing *Castillo v. Hernandez*, EP-10-CV-247-KC, 2011 U.S. Dist. LEXIS 65796, at *3 (W.D. Tex. June 17, 2011) (applying Rule 9(b) to a fraud counterclaim)).

## III.    Analysis

The parties in this action, the prior federal action, and the prior state action, are the same or are in privity. The Warrens sued Shellpoint and Deephaven in the prior state action; Wilmington sued the Warrens in the prior federal action; and the Warrens have sued Wilmington in this federal action. In both the prior federal action and the state court action, the courts granted summary judgment in favor of the lenders and dismissed the Warrens' claims with prejudice. (Docket Entry Nos. 2-5, 2-7). Those include the same fraud, forgery, wrongful foreclosure, breach of contract, and slander of title claims asserted here. Preclusion bars those claims.

In addition, the tort claims all depend on claims that the mortgage loan contracts were breached. The tort claims are derivative of the breach of contract claims; neither can proceed. The tort claims are barred by the economic loss rule, which precludes a tort claim that arises from the note and deed of trust. *See Mem'l Hermann Healthcare Sys. Inc. v. Eurocopter Deutschland, GMBH*, 524 F.3d 676, 678 (5th Cir. 2008). The claims for negligence, fraud, forgery, civil

conspiracy, intentional infliction of emotional distress, and slander of title are dismissed, with prejudice.

The federal Truth-in-Lending Act damages claim is also dismissed, because it is barred by the one-year statute of limitations. 15 U.S.C. § 1635(f). The rescission claim is barred by the three-year statute. *Id*. Both claims are also barred by preclusion, and by the fact that the complaint allegations fail to state a claim.

The wrongful-foreclosure claim is dismissed because no foreclosure has occurred. The claim for a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., fails because a mortgage lender or servicer, or assignee, is not a "debt collector" if it was assigned a debt not in default when the assignment was made, and because the allegations show no collection activity that violates the Act. *See* § 1692a(6).

The rest of the claims—slander of title, breach of contract, fraud, forgery, intentional and negligent infliction of emotional distress, conspiracy, and civil rights violations under 42 U.S.C. § 1983, all fail. The Warrens do not adequately or accurately plead the elements of the claims; they do not meet the pleading requirements of Rule 9; they do not allege what provisions of the loan documents were breached; and they do not specify the fraudulent aspects of the transaction. The challenges to the validity of the documents, including the allegation that they were forged, are barred by preclusion.

## IV.  Conclusion

The Warrens' latest effort to stave off foreclosure fails. The motion to dismiss, (Docket

Entry No. 2), is granted.  This case is dismissed, with prejudice, because amendment would be futile.

SIGNED on October 13, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge